

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. K. McClain
Criminal District Attorney
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-4759
Re: Whether it is a viola-
tion of the nepotism
law (Article 432, Penal
Code) for a school dis-
trict to employ a teacher
whose husband and a trus-
tee have a common grand-
father.

        This is in reply to your letter of August 11,
1942, requesting the opinion of this department upon the
above captioned question.   You describe the facts as fol-
lows:

        "I am writing you for an opinion based
upon the following facts.   In the Andice Common
School District there is a trustee by the name
of Marshall Davis and a teacher Mrs. M. Q. Stapp.
Mr. Marshall Davis's father (Earl Davis) was a
half brother to the mother of Mr. M. Q. Stapp,
(Mary Davis Stapp.)   Earl Davis and Mary Davis
Stapp have a common ancestor being their father,
Mr. Davis.

        "Mrs. M. Q. Stapp is not related to the
trustee Marshall Davis by blood but by her marri-
age to M. Q. Stapp her husband.

        "Question: Does the employment by Mr.
Marshall Davis, a a member of the Board of Trus-
tees, of Mrs. M. Q. Stapp, violate Art. 432 of
the Penal Code?"

Honorable W. K. McClain, page 2

Article 432, Penal Code, provides:

"No officer of this State or any officer of
any district, county, city, precinct, school dis-
trict, or other municipal subdivision of this
State, or any officer or member of any State,
district, county, city, school district or other
municipal board, or judge of any court, created
by or under authority of any general or special
law of this State, or any number of the Legisla-
ture, shall appoint, or vote for, or confirm the
appointment to any office, position, clerkship,
employment or duty, of any person related within
the second degree by affinity or within the third
degree by consanguinity to the person so appoint-
ing or so voting, or to any other member of any
such board, the Legislature, or court of which
such person so appointing or voting may be a mem-
ber, when the salary, fees, or compensation of
such appointee is to be paid for, directly or in-
directly, out of or from public funds or fees
of office of any kind or character whatsoever.
Acts 1909, p. 85, Acts 1915, p. 149."

It is at once apparent that the father of Marshall
Davis (the trustee) and the mother of Mrs. Stapp's husband have
a common ancestor in their father, Mr. Davis. Marshall Davis
and M. Q. Stapp, being descended from a common ancestor, are
related by collateral consanguinity. The method of computing
this degree of relationship is to begin with the common ancestor
and reckon downward. The degree the two persons or the more
remote of them is distant from the ancestor is the degree of
kinship between them. T. T. R. R. Co. v. Overton, 1 App. C. O.,
Section 553.

Honorable W. K. McClain, page 3

Thus, Marshall Davis and M. Q. Stapp are related in the second degree by consanguinity. Degrees of affinity are computed in the same manner as those of consanguinity. Opinion No. 0-2648. That is to say Mrs. Stapp is related in the same degree by affinity to Marshall Davis as her husband is related to him by consanguinity.

Since Marshall Davis and M. Q. Stapp have a common ancestor it is of no consequence that their respective mother and father were only half brother and sister. Opinion No. 3016.

This is, therefore, to advise you, and it is our opinion, that for the reasons given and those set forth in Opinions Nos. 0-2648 and 0-3016, (copies of which are enclosed) Mrs. Stapp, the teacher, is related to Mr. Davis, the trustee, in the second degree by affinity and her employment is forbidden by Article 432, of the Penal Code.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
James D. Smullen
Assistant

APPROVED AUG 17, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

JDS:EP

ENCLOSURES



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN